UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:11CV-00090-JHM

JACKIE L. TEMPLES                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
**Commissioner of Social Security**                                          DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Jackie L. Temples ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g).  Both the plaintiff (DN 16, 17, 19, 21) and the defendant (DN 24, 25) have filed a Fact and Law Summary. Additionally, plaintiff filed a motion for judgment on the pleadings or for summary judgment (DN 15) and defendant has responded thereto (DN 24).

Pursuant to General Order 11-10, entered November 12, 2011, the case has referred the case to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations.   28 U.S.C. Section 636(b)(1)(B).  By Order entered September 27, 2011 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

<u>FINDINGS OF FACT</u>

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") on October 16, 2006 (Tr. 213-217, 218-220). Plaintiff alleged that she became disabled on February 15, 2004 as a result of head injuries, neck injuries, upper back injury, middle and lower back injuries, right hip injury, injuries to both knees, injuries to both feet, injuries to both arms, gastroesophageal reflux disease, colitis, depression, can't walk very much, and fibromyalgia (Tr.213, 218, 230). From Louisville, Kentucky, Administrative Law Judge George A. Jacobs ("ALJ") presided over a video hearing on September 14, 2009, with plaintiff appearing in Bowling Green, Kentucky (Tr. 59, 78). The plaintiff was present and represented by attorney Thomas F. Chimera (Tr. 59, 78). Also present and testifying was William R. Irvin as a vocational expert (Tr. 59, 78).

In a decision dated December 31, 2009, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 59-73). At the first step, the ALJ found plaintiff has not engaged in substantial gainful activity since February 15, 2004, the alleged onset date (Tr. 61). At the second step the ALJ determined that plaintiff's fibromyalgia; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine, osteoarthritis of the knees, hips, and pelvis; diverticulitis; colitis; irritable bowel syndrome; obesity; depression; anxiety; and bipolar disorder are "severe" impairments within the meaning of the regulations (Tr. 62). Notably, at the second step, the ALJ also determined that all other impairments alleged are "non-severe" impairments within the meaning of the regulations (Tr. 62). At the third step, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 62-

2

65).

At the fourth step, the ALJ found plaintiff has the residual functional capacity to perform less than a full range of light work (Tr. 65-70).  More specifically, the ALJ found that plaintiff can perform light work except for the following:

> [T]he claimant can perform occasional postural activity; the claimant cannot climb any ladders, ropes, or scaffolds; the claimant cannot do any kneeling or crawling; the claimant cannot do any pushing or pulling with her lower extremities; the claimant can do only occasional pushing and pulling with her upper extremities; the claimant cannot do any overhead reaching; the claimant must avoid hazards like machinery, heights, fumes, odors, dusts, gases, poor ventilation, temperature extremes, wetness, humidity, and vibration; the claimant can perform only simple repetitive tasks; the claimant can have only occasional contact with coworkers and supervisors; and the claimant cannot have any contact with the public.

(Tr. 65).  Relying on testimony from the vocational expert, the ALJ found that plaintiff is unable to perform any of her past relevant work  (Tr. 71).

The ALJ proceeded to the fifth step where he considered plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 71-72).  The ALJ found that plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 71-72).  Therefore, the ALJ concluded that plaintiff has not been under a "disability", as defined in the Social Security Act, from February 15, 2004 through the date of the decision (Tr. 72).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 55). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 36-38).

<u>CONCLUSIONS OF LAW</u>

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); <u>Barnhart v. Walton</u>, 535 U.S. 212, 214 (2002); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  <u>See</u> "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

1)      Is the claimant engaged in substantial gainful activity?

2)      Does  the claimant have an impairment or combination of impairments that significantly limits his or her  ability to do basic work activities?

3)      Does  the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

4

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 36-38).   At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges some of the findings that the ALJ made at the fourth step in the sequential evaluation process (DN 19, 21).  At the fourth step, the ALJ made findings regarding the weight assigned to medical source statements in the record, plaintiff's credibility, plaintiff's residual functional capacity, the physical and mental demands of plaintiff's past relevant work, and plaintiff's ability to return to her past relevant work (Tr. 65-71).

First, plaintiff argues that the ALJ gave minimal weight to the opinions expressed by her treating physicians and psychiatrist "with the only explanation being that their proof was inconsistent with other proof of record" (DN 21). Plaintiff contends that the ALJ's failure to give adequate weight to the opinions expressed by her treating physicians and psychiatrist means the decision is not based upon substantial evidence in the record (DN 21).

The rule on controlling weight applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 857 (6th Cir. 1990). Notably, all of the above factors must be satisfied in order for the treating source's medical opinion to be entitled to controlling weight. Social Security Ruling 96-2p. Further, the ALJ must set forth the reason or reasons the medical opinion is not entitled to controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Social Security Ruling 96-2p; Wilson v. Commissioner of Social Security, 378 F.3d 541, 545-546 (6th Cir. 2004). If the medical opinion of a treating source is not entitled to controlling weight then the ALJ must determine how much weight it should be accorded. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Social Security Ruling 96-2p. In doing so, the ALJ must set forth an explanation for the weight accorded. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Wilson, 378 F.3d 545-546 (If an Administrative Law Judge discounts the opinion of a treating physician, the Administrative Law Judge must provide "good reasons" for doing so).

Here, the ALJ did not doubt the diagnoses expressed by plaintiff's treating physicians and treating psychiatrist (Tr. 67-71). However, the ALJ observed that these diagnoses alone did not

6

preclude plaintiff from engaging in work activity or employment (Tr. 67-71). The ALJ also observed that plaintiff received conservative treatment for her health conditions (Tr. 67-71). Further, the ALJ gave moderate weight to the functional capacity opinions of the two State agency psychological advisors because they were fairly consistent with the evidence of record as a whole (Tr. 70). By contrast, the ALJ gave minimal weight to the functional capacity opinions of Drs. Bunch and Jain because they were not supported by and were not consistent with the evidence or the record as a whole (Tr. 70-71). The ALJ further explained that the opinions expressed by Drs. Bunch and Jain contrasted rather than harmonized with the evidence of record which rendered them less persuasive (Tr. 71). After considering the evidence in the record the undersigned concludes that the ALJ has set forth good reasons for discounting the opinions of these treating sources. Furthermore, the undersigned observes that since the opinions of the non-examining State agency psychological advisors were consistent with the evidence of record those opinions represent substantial evidence. 20 C.F.R. §§ 404.1527(f), 416.927(f); Social Security Ruling 96-6p; Atterbery v. Secretary of Health and Human Services, 871 F.2d 567, 570 (6th Cir. 1989). In sum, the undersigned concludes that substantial evidence in the record supports the ALJ's decision to discount the opinions of the treating sources and to give greater weight to the opinions of the non-examining State agency medical consultants. Moreover, the undersigned concludes that the ALJ's determinations fully comport with applicable law. Therefore, there is no merit to plaintiff's first challenge to the ALJ's decision.

Next, plaintiff challenges the ALJ's findings regarding her credibility (DN 19, 21). Plaintiff points out that the ALJ found she was capable of performing such ordinary tasks as taking care of her ten and twelve year old boys "as though they were infants who needed constant care" (DN 21,

Memorandum at Page 3).  According to plaintiff the proof showed that the boys took care of plaintiff and, therefore, the ALJ's misconception of the evidence means he made an error of fact in his decision regarding her credibility (DN 21, Memorandum at Page 3).  The undersigned observes that in pertinent part the ALJ's decision reads as follows:

> At the hearing, the claimant testified that she lives in a mobile home with her two minor children ages 12 and 10.  She stated that she has a Kentucky driver's license.  Ms. Temples testified that she has trouble focusing, she has trouble remembering things when she is reading, and she had to learn to write with her left hand after her car accident.  She stated that she has problems with her right hip.  She stated that the pain in her right hip never goes away.  The claimant testified that she experiences constant pain in her neck that shoots into her head.  Ms. Temples stated that she also has constant pain in her back, from top to bottom.  She testified that she has manic depression, anxiety, and bipolar disorder.  She stated that she has a problem being around people.  Ms. Temples stated that her medications help with her mental problems.  However, the claimant stated that she experiences certain side effects from her medications, including sleepiness, drowsiness, inability to concentrate, constipation, and diarrhea.

> Regarding activities of daily living, the claimant testified at the hearing that she does not sleep well, her sons help her prepare meals, her sons help her do the laundry, her sons help her load the dishwasher, and her sons help her shop.  Ms. Temples testified that she can dress herself and she can bathe herself.  She stated that she does not have any friends, but she has acquaintances that come over every two to three days.  She stated that she is not in any social organizations or clubs.

> Regarding limitations, the claimant testified at the hearing that she can only stand and walk for very short periods of time.  She stated that she can lift about 5 pounds comfortable.  The claimant testified that her conditions has gotten worse over the last 6 months, and she falls down a lot because of her knee problems.  She stated that she had knee surgery about one year ago.  Her doctor advised her to use a can [sic] to ambulate effectively.  Ms. Temples testified that she cannot use her right hand to write.  She stated that she has problems with her hands, and she cannot grip things properly.

(Tr. 66-67).  After summarizing the medical evidence (Tr. 67-70), the ALJ made the following

findings:

> The medical evidence discussed above shows that the claimant's
> allegations of disabling pain, lack of mobility, and disabling mental
> impairments, which are found in the claimant's disability reports and
> hearing testimony, are inconsistent with objective findings and
> subjective findings on examinations.  The claimant's symptoms
> exceed the objective findings contained in the medical records.  The
> claimant's testimony is not well supported by the medical evidence
> of record.  Accordingly, the undersigned finds that the claimant's
> subjective complaints are not fully credible.
>
> The claimant testified that she has pain in her feet, left hand, left
> elbow, left arm, right arm, and right shoulder.  However, there is no
> significant medical evidence of record other than Exhibit B25F -
> arthralgias in multiple sites - that supports these allegations.  The
> claimant exhibited 5/5 strength in all her extremities, her grip
> strength was 5/5, and her fine finger manipulation was not impaired
> (Exhibit B3F).  Dr. Jeffrey M. Stidam noted that the claimant was a
> well-developed, well-nourished female, in no apparent distress
> (Exhibit B3F).  The claimant did have plantar fasciitis surgery on her
> right foot (Exhibit B20F).  Dr. Suk Ki Kim reported that the claimant
> was able to return to work on July 19, 2005 (Exhibit B1F).  Dr. Craig
> A. Beard stated in December 2007 that the claimant's pain was out
> of proportion with what he would expect (Exhibit B21F).
> Accordingly, the undersigned finds that the claimant's subjective
> complaints are not fully credible.
>
> The claimant has a fair work history.  However, the claimant's
> allegations of pain are not consistent with the claimant's activities of
> daily living.  **The claimant testified that with the help of her two
> minor children ages 12 and 10, the claimant cooks, shops, and
> does housework.  She has people visit her every other day or two.
> Furthermore, she is taking care of her two minor children ages
> 12 and 10.  The claimant is apparently able to care for her two
> minor children at home, which can be quite demanding both
> physically and emotionally.**  Accordingly, the undersigned finds that
> the claimant's subjective complaints are not fully credible.

(Tr. 70) (emphasis added).

In assessing plaintiff's residual functional capacity the ALJ must necessarily consider her

9

subjective allegations and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. Plaintiff's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings that show the existence of a medical impairment or impairments that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether plaintiff suffers from debilitating pain, the two-part test set forth in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986), applies. In compliance with this test the ALJ examined whether there was objective medical evidence of underlying medical conditions (Tr. 67-70). Since there was, the ALJ must determine: (1) whether the objective medical evidence confirmed the alleged severity of the pain and other symptoms arising from these conditions; or (2) whether the objectively established medical conditions were of such severity that they can reasonably be expected to produce the alleged disabling pain and other symptoms. <u>Id.</u> Since the ALJ concluded the reported pain and other symptoms suggested impairments of greater severity than could be shown by the objective medical evidence, he appropriately considered other information and factors that may be relevant to the degree of pain and other symptoms alleged by plaintiff. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

For example, the ALJ considered plaintiff's level of daily activity in determining the extent to which pain and other symptoms were of disabling severity. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 348 (6th Cir. 1993); <u>Blacha v. Secretary of Health and Human Services</u>, 927 F.2d 228, 231 (6th Cir. 1990). While plaintiff's level of daily activity was not extensive it did contradict plaintiff's claims of disabling pain and other symptoms. Moreover, contrary to plaintiff's suggestion, the ALJ made a fair and thorough assessment of her testimony

about the assistance she received from her two sons.  Further, the ALJ recognized despite this help plaintiff is still responsible for caring for these two boys who are ages 12 and 10 which "can be quite demanding both physically and emotionally" (Tr. 70).   Additionally, the ALJ considered inconsistencies in the evidence and the extent to which there were conflicts between plaintiff's statements and the rest of the evidence in the record.  20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Additionally, in assessing plaintiff's credibility the ALJ considered the frequency that plaintiff sought treatment for her alleged disabling medical impairments.  20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).   The frequency that plaintiff sought treatment is a factor that the ALJ may appropriate consider in assessing her subjective complaints.   20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).

The ALJ found from the medical record and plaintiff's testimony that plaintiff does not suffer pain and other symptoms to the extent she testified.  In the absence of detailed corroborating evidence of plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of plaintiff's credibility.  Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain or other symptoms depends, of necessity, largely on the credibility of the plaintiff, the conclusion of the ALJ, who has the opportunity to observe plaintiff's demeanor, "should not be discharged lightly." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984) (citation omitted).  The Court concludes that the ALJ's findings regarding the plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

Next, plaintiff challenges the ALJ's findings at the fifth step because she believes the ALJ relied on the Grid Rules (DN 19, Memorandum at Pages 8-10).  Further, she faults the ALJ for

applying a factually inapplicable Social Security Ruling in making the finding of not disabled (DN 19, Memorandum at Pages 8-10).

At the fifth step, the ALJ must determine whether there exists a significant number of jobs in the local, regional and national economies that plaintiff can perform, given her residual functional capacity, age, education, and past work experience.   20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990).   Notably, when a claimant's age, education, previous work experience and residual functional capacity coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the medical-vocational guidelines, the ALJ may rely on that Grid Rule to make a finding regarding disability.   20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1174 (6th Cir. 1990); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990).   However, if a claimant's age, education, previous work experience and residual functional capacity do not coincide with all of the criteria of a particular Grid Rule, the ALJ is limited to using the Grid Rule as a framework in the decision making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 404.1566(e), 416.966(e); Born, 923 F.2d at 1174; Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).   For example, if the claimant suffers from an exertional and non-exertional impairment then the Grids may be used only as a framework to provide guidance for decision making.   20 C.F.R. §§ 404.1569a(d), 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d

918, 926-927 (6ᵗʰ Cir. 1990); <u>Cole v. Secretary of Health and Human Services</u>, 820 F.2d 768, 771 (6ᵗʰ Cir. 1987); <u>Kirk</u>, 667 F.2d at 528-529.

Here, the ALJ recognized that plaintiff suffered from exertional and non-exertional impairments and thus relied on the Grids as a framework to provide guidance for decision making (Tr. 71-72). The ALJ made a non-guideline determination based on the testimony of the vocational expert (Tr. 71-72). Thus, there is no factual basis for plaintiff's assertion that the ALJ relied on a Grid Rule to make a determination regarding disability. Further, there is no merit to plaintiff's assertion that the ALJ relied on a factually inapplicable Social Security Ruling. Moreover, contrary to plaintiff's assertion, the ALJ did consider the combined effect of all of her impairments in making his residual functional capacity findings and determining whether plaintiff is capable of performing a significant number of jobs at the fifth step in the sequential evaluation process.

Next, plaintiff argues, in light of the new evidence she submitted, the Appeals Council erred in its decision not to review the ALJ's decision and send the case back to the ALJ for further proceedings (DN 21). Notably, the Appeals Council's denial of her request for review is not a "final decision" within the meaning of 42 U.S.C. §§ 405(g) and (h). <u>Califano v. Sanders</u>, 430 U.S. 99, 108-109 (1997). This means that judicial review is not available on this claim.

Finally, plaintiff argues that the new medical evidence she submitted to the Appeals Council should be considered by the Court for the limited purpose of determining whether her case should be remanded to the Commissioner for further proceedings (DN 19, Memorandum at Pages 10-12).

There are two types of remand authorized by 42 U.S.C. § 405(g). The first type of remand is pursuant to sentence four of 42 U.S.C. § 405(g). Under this type of remand, the Court makes a final judgment (e.g., affirming, reversing, or modifying the final decision of the Commissioner) and

may order the Commissioner to consider additional evidence on remand to remedy a defect in the original proceedings. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 175 (6th Cir. 1994).

The second type of remand is a prejudgment remand pursuant to sentence six of 42 U.S.C. § 405(g). Under this type of remand, the Court does not address the correctness of the administrative decision. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding." <u>Id.</u> Notably, the party seeking the remand has the burden of demonstrating the new evidence is material and that good cause exists for not previously presenting it to the Commissioner. <u>Faucher</u>, 17 F.3d at 174-175. The new evidence is "material," if there is a reasonable probability that it would have changed the outcome of the prior proceeding. <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 711 (6th Cir. 1988) (*per curiam*). Evidence of aggravation or a deterioration in a claimant's condition after the Administrative Law Judge rendered the decision is not material. <u>Id.</u> at 712.

Here, plaintiff is seeking a remand pursuant to sentence six of 42 U.S.C. § 405(g). Notably, she sent the new medical evidence submitted from Zia Neurology Associates, dated August 16, 2010 to September 27, 2010, to the Appeals Council with a request to reopen the action (Tr. 1, 3-25). The Appeals Council observed this evidence indicated diagnoses of new conditions nearly ten months after the ALJ rendered his decision (Tr. 1). Therefore, the Appeals Council concluded that the new medical evidence from Zia Neurology Associates was not relevant to whether plaintiff was disabled prior to December 31, 2009 (Tr. 1).

14

The undersigned concludes this new evidence is not "material" because it depicts a deterioration in plaintiff's condition after the ALJ rendered his decision.  <u>Sizemore</u>, 865 F.2d at 712. The medical evidence from Zia Neurology Associates sets forth the diagnoses of new conditions that did not exist at the time the ALJ rendered his decision.   Therefore, there is not a reasonable probability that this new evidence would have changed the outcome of the prior proceeding.  <u>Id.</u> at 711.   In sum, the more appropriate course for plaintiff to pursue is filing a new application for benefits.

<u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.   Additionally, the undersigned concludes that a remand pursuant to sentence six of 42 U.S.C. § 405(g) would not be appropriate because the evidence from Zia Neurology Associates is not material to the disability determination that the ALJ made on December 31, 2009.   Therefore, the undersigned recommends that the Court deny plaintiff's request for a remand pursuant to sentence six of 42 U.S.C. § 405(g).

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:        Counsel

16